UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HOWARD LEE CHANEY, § | |
| § | |
| Petitioner, § | |
| § | CRIMINAL ACTION NO. V-01-02 |
| v. § | |
| § | CIVIL ACTION NO. V-04-94 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM & OPINION**

Pending before the Court is Petitioner Howard Lee Chaney's 28 U.S.C. § 2255 Motion to Vacate Sentence (Dkt. #1). After considering the petitioner's arguments and the applicable law, the Court is of the opinion that the motion should be denied.

In 1996 Congress passed the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA a prisoner seeking habeas relief must file his habeas petition within one year of the date on which his conviction becomes final. When a prisoner does not seek a writ of certiorari from the Supreme Court, a judgment becomes "final" for purposes of AEDPA when the ninety-day period for seeking Supreme Court review expires. The Fifth Circuit affirmed Chaney's conviction on April 23, 2003. Therefore, Chaney's conviction became final on July 23, 2003 and he had until July 23, 2004 to file his habeas petition. Chaney requested an extension of time to file his § 2255 motion on March 4, 2004 (Dkt. #62), but the Court subsequently denied his request. (Dkt. #63). Chaney failed to file the instant motion until August 19, 2004.

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a prisoner's notice of appeal is timely filed if it is delivered to prison authorities within the time period provided by Federal Rule of Appellate Procedure 4(a)(1). *Id.* at 272-73. The rule established in *Houston* also applies to habeas petitions. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). According to his motion, the earliest Chaney could have conceivably mailed his motion was on August 12, 2004, the date it was notarized. Giving Chaney the benefit of the doubt, his motion was still filed too late, and therefore is barred by the statute of limitations.

Notwithstanding the time bar, Chaney's argument fails on the merits. Chaney contends that the sentence imposed by the district court is unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). More recently, in *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 222. However, the Fifth Circuit has ruled that *Booker* is not retroactive on collateral review for purposes of postconviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir.2005). That is, judgments that became final before January 12, 2005 may not claim relief pursuant to *Booker*. Because Chaney's conviction became final on July 23, 2003, the rule announced in *Booker* does not apply.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Chaney has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate as to claims denied on their

2

merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Chaney's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Chaney is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Chaney's 28 U.S.C. § 2255 Motion is DENIED. The Court also DENIES Chaney a Certificate of Appealability.

It is so ORDERED.

Signed this 8th day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE